UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
Civil Action No. 1:23-cv-00009-LLK

ANDREW H.                                                                                                                                         PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claims for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and for Supplemental Security Income under Title XVI. Plaintiff's brief in support of judicial review is at Doc. 18, and the Commissioner's response in opposition (fact/law summary) is at Doc. 20. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 13].

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision.

**The ALJ's decision**

On November 26, 2021, the ALJ issued the Commissioner's final decision. [Administrative Record, Doc. 11 at 36-47[1]]. The ALJ denied Plaintiff's claims, finding lack of disability during the period from September 1, 2018, when Plaintiff alleges that he became disabled, through November 26, 2021, when the ALJ issued his decision. *Id.*

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

---

[1] The page number of the administrative record is located at the bottom of each page.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 1, 2018, when he alleges that he became disabled. *Id.* at 38.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairment: personality disorder, depression, and anxiety. *Id.*

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 39.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding his personality disorder, depression, and anxiety, Plaintiff can have:

> … occasional exposure to dangerous machinery; can understand simple instructions; concentrate and perform simple tasks and respond/adapt to workplace changes and supervision, but within an occasional public/employee contact setting.

*Id.* at 40.

Fourth, the ALJ found that Plaintiff has no past relevant work. *Id.* at 46.

Fifth, the ALJ found that Plaintiff can perform a significant number of unskilled medium jobs in the national economy such as kitchen helper, day worker, and marker. *Id.* at 47.

**The ALJ's weighing of the medical opinions**

On August 20, 2020, Plaintiff was examined at the request of the Commissioner by Kathy Seigler, Psy.D. Dr. Seigler's narrative report is at Doc. 11 at 483-87.

On August 25, 2020, in light of Dr. Seigler's report and the record as a whole, the Commissioner's program psychologist Mary K. Thompson, Ph.D., found that Plaintiff has a residual functional capacity (RFC) to:

> A. Understand and remember simple and detailed instructions and procedures.
>
> B. Sustain attention, concentration, and pace for simple tasks within regular tolerances including 2-hour time blocks.

> C. Interact occasionally with peers and supervisors and sufficiently for task completion (very little to 1/3 of the time), in a non-public setting.
>
> D. Adapt to work demands and situational changes given reasonable support.

*Id.* at 101.  Dr. Thompson discounted Dr. Seigler's report because it "contains inconsistencies, rendering it less persuasive" and because the medical and non-medical evidence as a whole indicated that it was an "overestimate of the severity of [Plaintiff's] restrictions/limitations."  *Id.* at 102.

On October 9, 2020, Plaintiff's treating psychiatrist, Louis Mudd, M.D., completed a checklist form that rated Plaintiff's mental limitations in nineteen functional areas.  *Id.* at 496-98.  Dr. Mudd found Plaintiff to be:  1) Mostly "slightly" limited with respect to understanding and memory; 2) Mostly "markedly" limited with respect to sustained concentration and persistence; 3) Mostly "extremely" limited with respect to social interaction; and 4) Mostly "extremely" limited with respect to adaptation.  *Id.*

On February 25, 2021, another program psychologist Ilze Sillers, Ph.D., affirmed Dr. Thompson's findings, stating that "[t]he prior severity administrative medical findings of Dr. Thompson are found to be persuasive and affirmed."  *Id.* at 131.  Dr. Sillers discounted Dr. Mudd's findings because they were given on a checklist form, were unsupported by requested medical records, and were inconsistent with Plaintiff's daily activities:

> Additional medical records were considered but did not substantively change the initial assessment.  Dr. Mudd provided only a checkless *(sic.) (checklist)* that described the claimant as having extreme social anxiety.  Additional treatment records were requested but not provided.  His opinions were not persuasive as there were no supportive documents provided.  The claimant reports that he goes to the gym 2 to 3 times per week, eats out and rides his bike.

*Id.*

On June 16, 2021, Plaintiff's treating psychiatrist, Ronald Salomon, M.D., completed a checklist form that rated Plaintiff's mental limitations in twenty-one functional areas.  *Id.* at 582-84.  Dr. Salomon found Plaintiff to be:  1) Mostly "mildly" limited with respect to understanding and memory; 2) Mostly

3

"extremely" limited with respect to sustained concentration and persistence; 3) Mostly "extremely" limited with respect to social interaction; and 4) Mostly "extremely" limited with respect to adaptation. *Id.*

On November 26, 2021, the ALJ issued his decision. *Id.* at 36-47. The ALJ found the opinions of Drs. Thompson and Sillers to be persuasive. *Id.* at 43. The ALJ discounted Dr. Salomon's disabling opinions, finding them to be inconsistent with Dr. Salomon's own treatment records:

> The undersigned does not find Dr. Salomon's opinion persuasive where he notes the claimant has "marked" functional mental impairment per his 6/16/2021, report as it is grossly limiting and not consistent with the claimant's significant mental functional activities, progress notes and other objective evidence in the record (Exhibit 17F).
>
> In addition, one of the progress notes dated 4/16/2021, indicated as a recommendation that the claimant "just needs a job" which is contrary to the opinion that the claimant cannot work (Exhibit 18F, p. 13).

*Id.* at 45.

The ALJ found Plaintiff's relative lack of mental health treatment and daily activities to be inconsistent with disabling limitations – whether opined by Drs. Mudd, Salomon, or Seigler:

> Even despite not taking his medications on a consistent basis, he has not had to be hospitalized, jailed or taken to the ER for mental health complications during the period under consideration. … He has a driver's license and drives. Despite his alleged issues with being around people, he goes out with his father to play pool, eat out, and works out at the gym, all places where numerous people congregate. … He also recently helped his brother move to Louisville, from Bowling Green. He travelled to Utah for his brother's wedding in 2020, with 15-20 people in attendance. He also travelled to Orlando, Florida, with his parents and stayed at a time share, while going to the beach, all without difficulty and all places where a significant number of people congregate.

*Id.* at 44-45.

The ALJ identified additional activities as inconsistent with disabling limitations:

> Moreover, the marked and extreme limitations are not persuasive as the totality of the evidence shows the claimant has traveled to Utah for his brother's wedding and Florida with his parents for vacation. He also has played pool with his father a few times during the period under consideration and was able to talk to some of the servers. He went out for ice cream and coffee with his brother and was happy with his sociability progress. He also met a friend for two hours. The therapy notes show he is able to answer questions in a logical manner and the psychological examinations show mostly good eye contact and cooperative behavior. He has a driver's license and enjoys using the computer, his phone and photography.

*Id.*

The ALJ discounted Dr. Seigler's disabling opinions, in part, because Dr. Seigler report was "issued in August 2020 and this provider did not have records for review and this opinion appears to be largely based on the claimant's report." *Id.* at 44.

The ALJ discounted Dr. Mudd's disabling opinions, in part, because Dr. Mudd gave them "in October 2020 and the claimant no longer sees this provider." *Id.* at 46.

## Legal Standards

Because Plaintiff filed his applications for benefits in March 2020 [Doc. 11 at 36], the new rules for evaluating medical opinions apply. *See* 20 C.F.R. § 404.1520c ("For claims filed ... on or after March 27, 2017, the rules in this section apply."). Under the new rules, special evidentiary weight is no longer given to the opinion of a treating medical source such as Drs. Mudd and Salomon. *See* 20 C.F.R. § 404.1520c(a). In determining the persuasiveness of a medical opinion, an ALJ must consider "supportability, consistency, relationship [with the claimant], specialization, and other factors." 20 C.F.R. § 404.1520c(c)(1)-(5). But the ALJ need only explain how he/she considered the supportability and consistency factors, which are the two most important factors in determining the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b)(2).

A reviewing court "may not try the case de novo nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quotation omitted). Nor is the court authorized to reweigh the evidence. *Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 174 (6th Cir. 2009). "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently ... and even if substantial evidence also supports the opposite conclusion." *Francis v. Comm'r*, 414 F. App'x 802, 805 (6th Cir. 2011). Plaintiff bears the burden of demonstrating the need for a more restrictive RFC. *Jordan v. Comm'r*, 548 F.3d 417, 423 (6th Cir. 2008).

## Findings and Conclusions

The Court finds and concludes as follows:

1. It is undisputed that the numerous extreme and marked limitations opined by Plaintiff's psychiatrists, Drs. Mudd and Salomon, at Doc. 11 at 496-98, 582-84, if accepted in their entirety, would preclude all work and render Plaintiff disabled.

2. In light of the above legal standards, the ALJ's evaluation of the opinions of Drs. Mudd and Salomon, at Doc. 11 at 43-46, adequately explained the supportability and consistency factors at 20 C.F.R. § 404.1520c(c)(1) and (2) – the two most important factors. It is not this Court's role to engage in a more searching consideration of the other regulatory factors at 20 C.F.R. § 404.1520c(c)(3) through (5), to reweigh the ALJ's weighing of the evidence (as prohibited by *Price*), or to entertain arguments that show only that substantial evidence would have supported a different decision (as prohibited by *Francis*).

3. Plaintiff has not demonstrated the need for a more restrictive RFC (as required by *Jordan*).

4. Drs. Mudd and Salomon gave their opinions on a checkbox form. An ALJ may "properly give little weight" to findings on a "check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings." *Ellars v. Comm'r*, 647 F. App'x 563, 566 (6th Cir. 2016).

5. As indicated above (Finding 1), acceptance of the opinions of Drs. Mudd and Salomon would have required the ALJ to find Plaintiff disabled. But the ALJ had the "final responsibility for deciding an individual's RFC." *Rudd v. Comm'r*, 531 F. App'x 719, 728 (6th Cir. 2013) (citing SSR 96-5p, 1996 WL 374183). To require the ALJ to base his RFC finding on any physician's opinion would, in effect, confer upon the physician the "authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *Id.* (quoting SSR 96-5p).

6. The ALJ did not err in preferring Dr. Thompson's opinion to that of Dr. Seigler because the preference for examining over non-examining source opinions is only a general rule. *See* 20 C.F.R. § 404.1520c(c)(3)(v) (examining relationship).

**Plaintiff's three arguments are unpersuasive.**

In his own words, Plaintiff's first argument is that:

The Commissioner erred as a matter of law by failing to include limitations relating to Plaintiff's marked limitations in the ability to interact appropriately with the general public in the RFC assessment … despite finding the medical opinions suggesting limitations in that area persuasive.

[Doc. 18 at PageID.678]. The Court interprets this argument to be that the ALJ's decision is internally inconsistent because: On one hand, the ALJ finds the opinions of Drs. Thompson and Sillers to be persuasive, and one of their opinions was that Plaintiff is "markedly" limited in his ability to interact with the public. [Doc. 11 at 40, 100, 129]. But, on the other hand, the ALJ finds that Plaintiff can have "occasional public/employee contact." *Id.* at 40.

The argument is unpersuasive because it presupposes that it is inconsistent to find that a person has a "marked" limitation in interacting with the public [Doc. 11 at 100, 129] but to find the person can have "occasional public/employee contact" [Doc. 11 at 40]. By definition, a "marked" limitation does **not** completely "preclude" ability to function but merely "seriously limits" it. *Id.* at 496, 582. Drs. Thompson and Sillers opined that Plaintiff can handle "occasional" contact with the public notwithstanding a "marked" inability to interact with the public. *Id.* at 101, 131. The ALJ did not err in adopting these opinions and finding that Plaintiff has a "moderate" inability to interact with others (e.g., the public and coworkers) and can handle "occasional" contact with the public. *Id.* at 39, 43.

Plaintiff's second argument is that:

The Commissioner erred as a matter of law by failing to adequately evaluate the supportability and consistency of the medical opinion of Dr. Louis Mudd in violation of 20 C.F.R. § 416.920c(b)(2)[2] and by improperly rejecting this opinion.

[Doc. 18 at PageID.681].

The argument is unpersuasive for the reasons stated above. *See* Findings 1 through 5, above.

Plaintiff's third and final argument is that:

---

[2] Plaintiff erroneously cites "415.920c(b)(2)."

7

> The Commissioner erred as a matter of law by failing to adequately evaluate the supportability and consistency of the medical opinion of Dr. Kathy Seigler in violation of 20 C.F.R. § 416.920c(b)(2)[3] and by improperly rejecting this opinion.

[Doc. 18 at PageID.688].

The argument is unpersuasive for the reasons stated above. *See* Finding 6, above.

## Order

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

July 5, 2023

Lanny King, Magistrate Judge
United States District Court

---

[3] Plaintiff erroneously cites "415.920c(b)(2)."